# Exhibit A

```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK


------------------------------X
                              :
DRUG MART PHARMACY CORP.,     :
et al.,                       :    CV-93-5148 (ILG)(SMG)
          Plaintiffs,         :
                              :    May 1, 2009
          v.                  :
                              :    Brooklyn, New York
AMERICAN HOME PRODUCTS CORP., :
et al.,                       :
          Defendants.         :
                              :
------------------------------X


          TRANSCRIPT OF CIVIL CAUSE FOR CONFERENCE
            BEFORE THE HONORABLE STEVEN M. GOLD
               UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:         WYATT DURETT, ESQ.
                           NICHOLAS A. GRAVANTE, ESQ.
                           MICHAEL ENDLER, ESQ.


For the Defendant:         PAULA RENDER, ESQ.
                           MR. CROSS, ESQ.
                           VICKIE SMITH, ESQ.

Audio Operator:


Court Transcriber:         ARIA TRANSCRIPTIONS
                           c/o Elizabeth Barron
                           31 Terrace Drive
                           Nyack, New York 10960
                           (215) 767-7700



Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

1       THE COURT:  Okay.  Well, if they're not drugs that
2  people take over a lengthy period of time, then maybe
3  there's an argument to be made that those drugs ought not to
4  be discovered.
5       MR. EGAN:  But if your Honor is talking about the
6  responses to interrogatories --
7       THE COURT:  I'm not talking about the responses to
8  interrogatories.  We were here last time.  We talked about a
9  process -- let me take that back.  I don't know whether the
10 plaintiffs have been producing this information in the form
11 of interrogatory responses or as exhibits to the letter
12 motions they've been filing with the Court.
13      If there's some defendant who believes that it
14 matters, I will ask the plaintiffs to file the same
15 information in the form of a supplemental response to
16 interrogatories, and your i's can be dotted and t's crossed
17 in whatever ways that accomplishes for you.
18      MR. EGAN:  Your Honor, my only -- the end game, it
19 seems to me, is once we get -- if that's not from additional
20 third party discovery, if that's information they already
21 have and it's in the form of updated interrogatories or
22 whatever, then I would like the opportunity to move for
23 summary judgment against those plaintiffs who haven't been
24 able to identify any drugs.
25      THE COURT:  I would hope that you won't have to

1   make that motion because if the plaintiffs have pharmacies
2   that can't identify -- well, let me take that back.  I know
3   that those pharmacies are still claiming a right to
4   injunctive relief.  But to the extent that they're seeking
5   damages and they can't -- we were over this at great length
6   last time, I think.  I'm not sure if you were here.
7              MR. EGAN:  No, I was not here last time, your
8   Honor.
9              THE COURT:  But I'm pretty sure that the record of
10  the last conference will include a specific statement by
11  plaintiff's counsel that at least with respect to proof of
12  damages, that they will only seek damages for specifically
13  identifiable customers with respect to specifically
14  identifiable drugs.
15             So you don't have to make a motion because I have
16  a representation from counsel for the plaintiffs that they
17  will not press this case forward with respect to any
18  customer they cannot identify and prove that they were
19  taking drugs somewhat chronically, whether they were
20  maintenance drugs or whether they were drugs for a chronic
21  condition that caused him to take them sporadically,
22  frequently, over many years, and then started acquiring
23  their drugs from someone they can prove received some kind
24  of a rebate or a discount, as they perceive it, not as you,
25  defendants, characterize it to be.

```
 1              So you don't have to make the motion.  You can get
 2   a notice to admit or a stipulation, I'm confident, based
 3   upon the record of the last conference.  If you can't,
 4   before you make a motion, you come back to me and I would
 5   like to ask plaintiff's counsel why not.
 6              MR. EGAN:  Am I correct, your Honor -- bear with
 7   me, and I apologize if --
 8              THE COURT:  I am.
 9              MR. EGAN:  I apologize if these issues were
10   discussed last time, when I wasn't here.  But as I
11   understand it, what your Honor is saying is that the
12   information that plaintiffs now have in hand, either in the
13   form of responses to interrogatories that they have supplied
14   or some supplement to those interrogatories now, not after
15   additional third party discovery, that will be the basis on
16   which they will decide how many of these plaintiffs have
17   valid cases against each of the defendants.  Is that right?
18              THE COURT:  I think that's right.  Well, let me
19   say it differently.  My understanding was that each pharmacy
20   was going to have to be able to identify specific people who
21   were its customers and who were buying brand name
22   prescription drugs from it and stopped, and that that was a
23   threshold for any pharmacy plaintiff to seek to recover
24   damages in this action.  And any pharmacy that can't say, I
25   had this customer buying this drug and he stopped, and I
```

1  there is no doubt that we have folks that we've provided a
2  very small amount of information for.  The interrogatory
3  responses are what they are, so we can't suggest otherwise.
4  But what I do not know is how difficult it's going to be for
5  us.  It may be the case that, as part of this process, it
6  will not be that hard for us to identify a lot more, and it
7  will not take that long to do so.
8              THE COURT:  I'm lost.  Here's why.  Let me just
9  explain it in very simple terms.  We understand each other
10 that the first step before any plaintiff pharmacy is
11 entitled to nonparty discovery or discovery of the
12 defendants is that they're going to identify the patients
13 that they no longer service.  Say something out loud, so the
14 recorder gets it.
15             MR. ENDLER:  That's correct.
16             THE COURT:  There are some plaintiffs who have no
17 records at all and can't identify any customers that they
18 lost.
19             MR. ENDLER:  That is also correct.
20             THE COURT:  Those plaintiffs, how many of them
21 there are and who they are, has that been disclosed to the
22 defendants?
23             MR. ENDLER:  It has not, and I'm not certain that
24 we have that specific answer today.
25             THE COURT:  I want to know when you'll have it,

```
 1  understand that that is a list of drugs and time periods
 2  that we're going to have to confront through the case or
 3  just like a sample to guide us in discovery?
 4          THE COURT:  I understood that that was it for the
 5  case.
 6          MR. DURETT:  Depending on -- the answer to that
 7  is, I don't know, sitting here today, and Mr. Fruit (ph) and
 8  I were exchanging notes -- I don't know, sitting here today,
 9  when the group that we have put together, made up of
10  pharmacists and lawyers, will be able to convene and come up
11  with the drugs that we're then going to test.  And then we
12  frankly hired two people who are doing this for us.  So I
13  would not want to make a representation today as to when we
14  can produce that.  But generically, that is what we intend
15  to produce.
16          THE COURT:  Well, that's fine, but you understand
17  that I'm not going to require them to start digging for
18  contracts until we have it.
19          MR. DURETT:  Exactly, so we're going to --
20          THE COURT:  And once we have it, we're not going
21  to come back and say, oh, I want to add some time frames and
22  some drugs.
23          MR. DURETT:  We do understand that and I think we
24  all understand that.  That's why I'm hesitant to commit to a
25  time.  But believe me, we are as anxious for that time to
```

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18       I certify that the foregoing is a correct transcript
19   from the electronic sound recording of the proceedings in
20   the above-entitled matter.
21
22
23   [signature]
24
25   ELIZABETH BARRON                          May 6, 2009
```